UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON J. SWANK,

      Plaintiff,

                                    Civil Action 2:13-cv-177
      v.                           Judge George C. Smith
                                      Magistrate Judge Elizabeth P. Deavers

THE FRANKLIN COUNTY, OHIO
PROSECUTOR, *et al.,*

      Defendants.


**ORDER AND REPORT AND RECOMMENDATION**

      Plaintiff, an Ohio inmate proceeding without the assistance of counsel, brings this civil action under 42 U.S.C. § 1983.  The Court previously granted Plaintiff's Motion for Leave to Proceed *In forma Pauperis*.  (ECF No. 2.)  This matter is before the United States Magistrate Judge for an initial screen pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  This matter is also before the Court for consideration of Plaintiff's Motion to Compel Service.  (ECF No. 6.)  For the reasons that follow, it is **RECOMMENDED** that the Complaint be **DISMISSED** for failure to state a claim.  In addition, Plaintiff's Motion to Compel Service is **DENIED**.  (ECF No. 6.)

**I.**

      According to the Complaint, Plaintiff was convicted of two counts of involuntary manslaughter on April 10, 2003.  (Compl. ¶ 16, ECF No. 3.)  He was sentenced to a term of 24 years in prison.  On June 30, 2004, the Ohio Court of Appeals affirmed his conviction.  The Ohio Supreme Court denied review.

      Plaintiff alleges that he has repeatedly sought a copy of the transcript of his trial

proceedings and other trial-related materials, including DNA evidence, to pursue post-conviction relief.  He alleges that he first requested the transcript and evidence from his court-appointed attorney, Robert Suhr, who was appointed by the court to represent Plaintiff during the trial and appellate proceedings.  *Id.* at ¶ 31.  Plaintiff contends that Suhr ignored his multiple requests.  *Id.* Plaintiff also sent a letter to the office of the Ohio Public Defender requesting his trial transcript and other materials.  *Id.* at ¶ 34.  An assistant public defender wrote back informing Plaintiff that his appellate counsel received a copy of the transcript at no cost, and that he has no right to a second transcript at the state's expense.  *Id.* at Ex. C.  Plaintiff next wrote to the clerk of court for Franklin County, Ohio requesting a copy of his transcript and evidence.  *Id.* at Ex. D.  In response, the clerk sent Plaintiff a charge slip, indicating that he would have to pay $93.70 to receive a copy of his file.  (Compl. Ex. E, ECF No. 3.)  Finally, Plaintiff filed a complaint against Suhr with the disciplinary council.  During the disciplinary proceedings, Suhr denied that Plaintiff had ever requested his transcript and file, and indicated that he no longer had Plaintiff's file in his possession.  *Id.* at Ex. F.  Finding no misconduct, the disciplinary council closed its case.

Plaintiff brings this § 1983 action against his former attorney, Robert Suhr, as well as the Franklin County Prosecutor, two assistant prosecutors, the Franklin County Public Defender, the office of the Ohio Public Defender, and the Clerk of Court of Franklin County.  With the exception of Defendant Suhr, Plaintiff seeks to compel each of the Defendants to provide him with a copy of his trial transcript and evidence to pursue post-conviction relief.  With respect to Suhr, Plaintiff seeks compensatory and punitive damages for his failure to provide him with a copy of the transcript and evidence.  Plaintiff alleges that he has been denied access to the courts, as well as equal protection of the law and due process.

2

## II.

Having conducted an initial screen pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Undersigned recommends dismissal of Plaintiff's Complaint for failure to state a claim. Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>       *       *       *
>
> (B) the action or appeal--
>
>      (i) is frivolous or malicious;
>
>      (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

---

[1]Formerly 28 U.S.C. § 1915(d).

Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

4

**III.**

Plaintiff's purported § 1983 claims fail for numerous reasons.  To plead a cause of action under 42 U.S.C. § 1983, a Plaintiff must plead two elements: (1) a person acting under color of state law caused deprivation of a right that is (2) secured by the Constitution or laws of the United States.  *Hunt v. Sycamore Cmty. School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).  To sufficiently plead the first element, a plaintiff must allege "personal involvement" on the part of the defendant.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*."  *Id*. (citation omitted).  "A supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).  Put another way, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ."  *Id.*

**A.     Access to Courts**

Plaintiff contends that his inability to acquire his trial transcript and other materials restricts his ability to access the courts to seek post-conviction relief.  The First Amendment, however, "protects an inmate's right to access to the courts, but not necessarily his access to all the legal assistance or materials he may desire."  *Tinch v. Huggins*, No. 99-3436, 2000 WL 178418, at *1 (6th Cir. Feb. 8, 2000) (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)).  "The law is well settled that inmates do not enjoy a federally protected right in free photocopying services."  *Tinch*, 2000 WL 178418, at *1 (citations omitted).  Accordingly, Plaintiff has no constitutionally protected right to receive free copies of his trial transcript and

5

other evidence presented at trial.  It is, therefore, **RECOMMENDED** that Plaintiff's purported

access-to-courts claim be **DISMISSED** for failure to state a claim.

**B.      Equal Protection**

Plaintiff purports to assert an equal-protection claim with respect to two Ohio post-

conviction statutes.  Specifically, he contends that O.R.C. §§ 2953.21[2] and 2953.23[3] violate

indigent inmates' right to equal protection because such inmates are unable to obtain post-

conviction relief under the statues because they cannot afford to pay for their trial transcripts and

other materials necessary to pursue relief.

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall

"deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend.

---

[2]O.R.C. § 2953.21 provides in relevant part:

Any person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony and who is an offender for whom DNA testing . . . provided results that establish, by clear and convincing evidence, actual innocence of that felony offense . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

O.R.C. § 2953.21(A)(1)(a).

[3]O.R.C. § 2953.23 provides in relevant part:

Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless [certain circumstances apply]. . . .

O.R.C. § 2953.23(A).

6

XIV, § 1.  In order to prove an equal protection violation, a plaintiff must prove, through direct or circumstantial evidence, the existence of intentional discrimination, directed at a suspect class. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977) ("Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause."); *Washington v. Davis*, 426 U.S. 229, 239–40 (1976).  Put another way, disparate impact alone is insufficient to find a violation of the equal protection clause.  Thus, generally, a court will not infer the requisite intent based upon a showing of a statistically disproportionate impact of a policy.  *McClesky v. Kemp*, 481 U.S. 279, 292 (1987); *U.S. v. Thorpe*, 471 F.3d 652, 660 (6th Cir. 2006).

Here, Plaintiff has failed to state an equal-protection claim.  First, he failed to allege that the relevant Ohio statutes intentionally discriminate.  Rather, Plaintiff effectively alleges that the statutes disparately impact indigent inmates.  Plaintiff's allegation that the statutes have a disparate impact on indigent inmates is insufficient to establish the discriminatory intent required to state an equal-protection claim.  *McClesky*, 481 U.S. at 292; *Thorpe*, 471 F.3d at 660.  Moreover, because indigence is not an immutable characteristic, it is not a suspect classification.  *Harris v. McRae*, 448 U.S. 297, 323 (1980) ("[T]his Court has held repeatedly that poverty, standing alone, is not a suspect classification."); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 438 (1985) (discussing the immutable nature of personal characteristics that can trigger strict scrutiny, or at least heightened scrutiny).    It is, therefore, **RECOMMENDED** that Plaintiff's purported equal-protection claim be **DISMISSED** for failure to state a claim.

## C.    Due Process

Plaintiff's attempt to assert a due-process claim related to the state's alleged refusal to provide him with a free copy of his trial transcript and other materials also fails.  A plaintiff may

not bring a § 1983 action to obtain a copy of his trial transcript where the basis for doing so is to attack his or her criminal conviction. *Woods v. Clocum*, No. 11-cv-11989, 2011 WL 1884181, *2 (E.D. Mich. May 18, 2011) (dismissing § 1983 claim arising from the state's refusal to provide a free trial transcript to pursue post-conviction relief upon determining that such a claim must be pursued in a habeas action); *Boone v. Weizel*, 917 F. Supp. 518, 520 (N.D. Ohio 1996) (citing *Scruggs v. Moellering*, 870 F.2d 376, 379 (7th Cir. 1989)) (dismissing § 1983 claim premised on the defendant's failure to provide free transcripts to pursue post-conviction relief). Rather, a plaintiff seeking a copy of his transcript to pursue post-conviction relief must bring a habeas corpus action. *Presider v. Rodriguez*, 411 U.S. 475 (1973) (holding that where a state prisoner challenges the fact or duration of confinement his sole federal remedy is a petition for writ of habeas corpus); *Spence v. Hood*, 170 Fed. App'x 928, 930 (5th Cir. 2006) (holding that a plaintiff cannot seek relief under § 1983 to obtain trial transcripts where the basis for doing so is to facilitate an attack on his or her criminal conviction).

Here, it is apparent from his Complaint that Plaintiff seeks a copy of his trial transcript and other materials to pursue post-conviction relief. His claim cannot be brought under § 1983, and must instead be brought in a petition for writ of habeas corpus. Because it is clear from the face of the Complaint that Plaintiff intends to assert a claim under § 1983 and not under § 2254,[4] the Undersigned declines to construe Plaintiff's Complaint as a habeas corpus petition. Accordingly, it is **RECOMMENDED** that Plaintiff's purported due-process claim be **DISMISSED** for failure to state a claim.

**D.     Claims Against Suhr**

---

[4]Indeed, Plaintiff specifically alleges that he brings a civil rights action and not one challenging the legality, fact or duration of his confinement. (Compl. 2, ECF No. 3.)

Finally, the Undersigned also recommends dismissal of Plaintiff's claims against Robert Suhr. Plaintiff purports to assert a § 1983 claim against Suhr for failing to provide Plaintiff with a copy of his trial transcript and other evidence. Public defenders, however, are not considered state actors for purposes of § 1983 liability when they perform a lawyer's traditional functions. *Floyd v. Cnty of Kent*, 454 Fed. App'x 493, 497 (6th Cir. 2012) (citing *Polk Cnty v. Dodson*, 454 U.S. 312, 325 (1981)). Accordingly, Plaintiff cannot establish the first requisite element of a § 1983 action against his former attorney. *Hunt*, 542 F.3d at 534. It is, therefore, **RECOMMENDED** that Plaintiff's purported claims against Suhr be **DISMISSED** for failure to state a claim.

## IV.

Lastly, Plaintiff's Motion to Compel Service is **DENIED**. (ECF No. 6.) Plaintiff seeks an Order compelling the United States Marshal to serve Defendants with a summons and copy of the Complaint. In light of the foregoing recommendation that Plaintiff's Complaint be dismissed for failure to state a claim, service is inappropriate at this juncture. If the Undersigned's recommendations are not adopted, the Court will direct service at that time.

## V.

For the reasons set forth herein, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim. In addition, Plaintiff's Motion to Compel Service is **DENIED**. (ECF No. 6.)

## VI.

9

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: May 7, 2013                                   */s/ Elizabeth A. Preston Deavers*
                                                    Elizabeth A. Preston Deavers
                                                    United States Magistrate Judge

10