UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**AARON J. SWANK,**

    **Plaintiff,**

                              **Civil Action 2:13-cv-177**
   **v.**                           **Judge George C. Smith**
                              **Magistrate Judge Elizabeth P. Deavers**

**THE FRANKLIN COUNTY, OHIO**
**PROSECUTOR,** *et al.,*

    **Defendants.**


## OPINION AND ORDER

Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983 to challenge Ohio's procedures for post-conviction relief.   This matter is before the Court for consideration of Plaintiff's Motion to Substitute Party.   (ECF Nos. 47 and 48[1].)   In his Motion, Plaintiff asks the Court to substitute the Robert Suhr as a Defendant in this action.   For the reasons that follow, Plaintiff's Motion is **DENIED**.

Mr. Suhr was appointed to represent the indigent Plaintiff in his criminal trial and during his first appeal.   (Compl. ¶¶ 18-19, ECF No. 3.)   According to Plaintiff, Mr. Suhr did not respond to his requests to provide post-conviction criminal discovery, DNA evidence, polygraph results, and the trial transcript.   Plaintiff asserts that Mr. Suhr was acting according to a policy and custom under Ohio law which denied him access to the courts in violation of 42 U.S.C. § 1983.

Plaintiff was unable to perfect service over Mr. Suhr.   After several failed attempts at service, the Court directed the United States Marshal to personally serve Mr. Suhr.   (ECF No. 41.)

---

[1] The Docket indicates that Plaintiff filed the same Motion on December 31, 2012 and on January 2, 2014.   For the purposes of this Order, these Motions will be considered the same document.

On December 20, 2013, the United States Marshal notified the Clerk's office that Mr. Suhr passed away on September 8, 2013.  (ECF No. 44.)   Plaintiff now asks the Court to substitute Mr. Suhr's estate as a Defendant in this case.   (ECF Nos. 47 and 48.)

Federal Rule of Civil Procedure 25 provides the procedure for substitution of a party upon death.   Fed. R. Civ. P. 25.   Rule 25(a) provides in relevant part as follows:

**(a) Death.**

> **(1)** *Substitution if the Claim Is Not Extinguished.* If a *party* dies and the claim is not extinguished, the court may order substitution of the *proper party*. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ P. 25(a) (emphasis added).

Plaintiff cannot substitute Mr. Suhr's estate as a Defendant under Rule 25 because Mr. Suhr was never a Defendant in this action.   Plaintiff failed to serve Mr. Suhr with process.   Thus, the Court never obtained jurisdiction over Mr. Suhr.  *County Sec. Agency v. Ohio Dept. of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002) ('"It is elementary that one is not bound by a judgment *in personam* resulting from litigation in which . . . he [or she] has not been made a party by service of process'") (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969)); *see also Hansberry v. Lee*, 311 U.S. 32, 40 (1940) (recognizing that a judgment rendered against an individual who had not been made a party by service of process "is not entitled to the full faith and credit which the Constitution . . . prescribe[s]").   Mr. Suhr was, therefore, never a party in this action.   His estate cannot be substituted for a non-party.  *International Ass'n of Machinists Nat. Pension Fund v. Estate of Dickey*, 808 F.2d 483, 485 (6th Cir. 1987) (holding that it is "entirely inappropriate under Fed. R. Civ. P. 25(a)(1) to substitute [an estate] for a

2

non-party"); *see also State of N.Y. v. N. Storonske Cooperage Co., Inc.*, 144 F.R.D. 179, 185 (S.D.N.Y. 1992) (denying a motion to substitute an estate for an individual who was not named in the complaint because Rule 25(a) "allows only for substitution of proper parties upon the death of a party") (internal quotations omitted). Accordingly, Plaintiff's Motion to Substitute the Estate of Robert Suhr as a Defendant is **DENIED**. The Clerk is **DIRECTED** to terminate Robert Suhr as a Defendant in this action.

    **IT IS SO ORDERED**.


Date: January 15, 2014                            /s/ *Elizabeth A. Preston Deavers*
                                                       Elizabeth A. Preston Deavers
                                                       United States Magistrate Judge